| | |
|---|---|
| JACK ROBERT SMITH,<br><br>               Plaintiff,<br><br>               v.<br><br>HARRY OREOL, ET AL.,<br><br>               Defendants. | Case No. EDCV 17-1135-JFW (KK)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

## I.
## **INTRODUCTION**

Plaintiff Jack Robert Smith ("Plaintiff") has filed a pro se civil rights complaint ("Complaint") alleging Defendants Harry Oreol and all staff members of Patton State Hospital ("Defendants") violated his First, Fifth, Eighth, and Fourteenth Amendment rights under 42 U.S.C. § 1983 ("Section 1983"). Plaintiff additionally raises state law claims including negligent infliction of emotional distress, intentional infliction of emotional distress, medical malpractice, illegal detainment, and defamation. For the reasons discussed below, the Court dismisses the Complaint with leave to amend.

///

///

## II.

## BACKGROUND

On June 4, 2017, Plaintiff constructively filed[1] a pro se civil rights complaint alleging staff employed by Patton State Hospital violated his First, Fifth, Eighth, and Fourteenth Amendment rights and committed other state law violations. ECF Docket No. ("Dkt.") 1 at 5. Plaintiff's claims are based on allegations of "physical abuse [and] ongoing mental abuse & is about [Plaintiff] being illegally detained [at Patton State Hospital]." Id. at 7. Plaintiff further alleges "[his] character has been assassinated, [he] has been lied about, physically abused, slandered." Id. at 8. He additionally claims Defendants "force [him] on medication, tell [him] to shut up & then they desperately try & convince everybody that [he] is incompetent & [is] incapable of making important life decisions." Id.

Plaintiff alleges he has submitted "serious complaints" about his treatment, yet "[the hospital's] first response was not to address the issue and help [him] in any way." Id. According to Plaintiff, "[his] current doctor is trying to get [him] released straight out . . . [b]ut Harry Oreol the executive director of the hospital refuses to allow that power to be exercised." Id. at 7. Plaintiff alleges, as a result, Defendants "are robbing [him] of his constitutional rights." Id.

Plaintiff seeks $100,000,000 in monetary damages, as well as declaratory and injunctive relief requiring (1) release of "all non dangerous patients that are capable of living by themselves or with the aid of responsible family or friends"; and (2) "ConRep or any outpatient treatment program be made optional and not mandatory." Id. at 6.

///

---

[1] Under the "mailbox rule," when a pro se inmate gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted); Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to § 1983 suits filed by pro se prisoners").

# III.
# **STANDARD OF REVIEW**

In civil actions where the plaintiff is proceeding in forma pauperis, Congress requires district courts to dismiss the complaint "at any time" if the court determines the complaint, or any portion thereof: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1126-27 n.7 (9th Cir. 2000) (en banc).

Even when a plaintiff is not proceeding in forma pauperis, Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a claim sua sponte and without notice "where the claimant cannot possibly win relief." Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987); see also Sparling v. Hoffman Constr. Co., 864 F.2d 635, 638 (9th Cir. 1988) (same). The court's authority in this regard includes sua sponte dismissal of claims against defendants who have not been served and defendants who have not yet answered or appeared. See Abagnin v. AMVAC Chemical Corp., 545 F.3d 733, 742-43 (9th Cir. 2008).

In applying these standards, "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008) (citations and internal quotation marks omitted). However, "a pro se litigant is not excused from knowing the most basic pleading requirements" or "from following court rules." Am. Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1107-08 (9th Cir. 2000) (citation and internal quotation marks omitted); see also Pliler v. Ford, 542 U.S. 225, 231, 124 S. Ct. 2441, 159 L. Ed. 2d 338 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants.").

///
///
///

# IV.
# DISCUSSION

## A. THE COMPLAINT DOES NOT UNAMBIGUOUSLY IDENTIFY DEFENDANTS

### (1) APPLICABLE LAW

Rule 10(a) of the Federal Rules of Civil Procedure requires that each defendant be named in the caption of the complaint. A complaint is subject to dismissal if "one cannot determine from the complaint who is being sued, [and] for what relief . . . ." McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996).

### (2) ANALYSIS

Here, Plaintiff lists Harry Oreol and "all the hospital staff" as defendants. See Compl. at 1. However, in the body of the Complaint, Plaintiff appears to omit Harry Oreol and only includes "all the hospital staff." Id. at 3. If Plaintiff wishes to include claims against Harry Oreol, he must specifically identify Harry Oreol and any claims alleged against him. In the amended complaint, Plaintiff must clarify exactly who the defendants are – at a minimum, the caption and body of the complaint must agree.

## B. THE COMPLAINT FAILS TO COMPLY WITH FEDERAL RULE OF CIVIL PROCEDURE 8

### (1) APPLICABLE LAW

Under Federal Rule of Civil Procedure 8 ("Rule 8"), a complaint must contain a "short and plain statement of the claim showing the pleader is entitled to relief," and "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a), (d). "[T]he short and plain statement must provide the defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests." Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 346, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005) (citation omitted). "Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's

docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." Bautista v. Los Angeles Cnty., 216 F.3d 837, 841 (9th Cir. 2000) (citations and internal quotation marks omitted).

Rule 8 "has been held to be violated by a pleading that was needlessly long, or a complaint that was highly repetitious, or confused, or consisted of incomprehensible rambling." Cafasso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1059 (9th Cir. 2011) (citation and internal quotation marks omitted). See also McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming the dismissal of a complaint under Rule 8 for being "argumentative, prolix, replete with redundancy, and largely irrelevant"). A complaint may be dismissed for violating Rule 8 even if "a few possible claims" can be identified and the complaint is not "wholly without merit." Id. at 1179 (stating Rule 8's requirements apply "to good claims as well as bad"). See also Cafasso, 637 F.3d at 1059 (discussing cases in which the Ninth Circuit affirmed Rule 8 dismissals); Hearns v. San Bernardino Police Dep't, 530 F.3d 1124, 1130-31 (9th Cir. 2008) (same).

**(2) ANALYSIS**

Here, the Complaint is needlessly long, rambling, and confusing. See Cafasso, 637 F.3d at 1059. The Complaint, including attachments, is over 250 pages long and contains unnecessary and irrelevant information. See Dkt. 1, Compl.; McHenry, 84 F.3d at 1177. The Court is unable to determine from the Complaint who Plaintiff intends to sue and what claims he intends to raise. Unclear pleadings such as the Complaint, that "leav[e] it to the Court to figure out what the full array of [Plaintiff's] claims is and upon what federal law, and upon what facts, each claim is based," remain subject to dismissal. Little v. Baca, No. CV 13–0373-PA (RZ), 2013 WL 436018, at *3 (C.D. Cal. Feb. 1, 2013). Accordingly, the Court must dismiss the Complaint for failure to comply with Rule 8. See McHenry, 84 F.3d at 1177; see also Clayburn v. Schirmer, No. CIV S-06-2182-ALA (P), 2008 WL 564958, at *3-4 (E.D. Cal. Feb. 28, 2008) (Alarcón,

Circuit J., sitting by designation) (dismissing "long, rambling pleading" under Rule 8 and noting "[t]he court (and any defendant) should be able to read and understand Plaintiff's pleading within minutes").

In amending the Complaint, Plaintiff must state each claim separately and identify Defendants for each claim. In addition, for each claim, Plaintiff should clearly, precisely, and briefly identify the legal basis and the facts underlying it. See Bautista, 216 F.3d at 840-41. Plaintiff should only include facts necessary to state a claim and need not include additional exhibits to support his allegations. Instead, Plaintiff should clearly state (1) the alleged harm; (2) who caused the alleged harm; (3) when the alleged harm was committed; and (4) what actions were committed by each alleged wrongdoer.

## C. THE COMPLAINT FAILS TO COMPLY WITH FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

### (1) APPLICABLE LAW

As stated above, Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") permits a court to dismiss a claim sua sponte and without notice "where the claimant cannot possibly win relief." Omar, 813 F.2d 986, 991.

### (2) ANALYSIS

Here, because the Court cannot decipher Plaintiff's allegations, Plaintiff fails to state a claim and "cannot possibly win relief." See id. Thus, the Court must dismiss the Complaint for failure to comply with Rule 12(b)(6). Id.

## V.
## LEAVE TO FILE A FIRST AMENDED COMPLAINT

For the foregoing reasons, the Complaint is subject to dismissal. As the Court is unable to determine whether amendment would be futile, leave to amend is granted. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the service date of this Order, Plaintiff choose one of the following two options:

1. Plaintiff may file a First Amended Complaint to attempt to cure the deficiencies discussed above. **The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the First Amended Complaint, which the Court encourages Plaintiff to use.**

If Plaintiff chooses to file a First Amended Complaint, Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form. Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the Complaint. In addition, the First Amended Complaint must be complete without reference to the Complaint or any other pleading, attachment, or document.

An amended complaint supersedes the preceding complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the Court will treat all preceding complaints as nonexistent. Id. Because the Court grants Plaintiff leave to amend as to all his claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the First Amended Complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 928 (9th Cir. 2012).

2. Alternatively, Plaintiffs may voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of Court is directed to mail Plaintiffs a blank Notice of Dismissal Form, which the Court encourages Plaintiffs to use.**

The Court advises Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a First Amended Complaint that continues to include claims on which relief cannot be granted. "[A] district court's discretion over amendments is especially broad 'where the court has

already given a plaintiff one or more opportunities to amend his complaint.'" Ismail v. County of Orange, 917 F. Supp.2d 1060, 1066 (C.D. Cal. 2012) (citations omitted); see also Ferdik, 963 F.2d at 1261.  Thus, **if Plaintiff files a First Amended Complaint with claims on which relief cannot be granted, the First Amended Complaint will be dismissed without leave to amend and with prejudice.**

**Plaintiff is explicitly cautioned that failure to timely file a First Amended Complaint will result in this action being dismissed with prejudice for failure to state a claim, prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

Dated: June 20, 2017

_____
HONORABLE KENLY KIYA KATO
United States Magistrate Judge