UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK ROBERT SMITH,<br><br>        Plaintiff,<br><br>        v.<br><br>HARRY OREOL, ET AL.,<br><br>        Defendants. | Case No. EDCV 17-1135-JFW (KK)<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |

**I.**

**<u>INTRODUCTION</u>**

       Plaintiff Jack Robert Smith ("Plaintiff"), proceeding <u>pro se</u>, has filed a First Amended Complaints ("FAC") pursuant to 42 U.S.C. § 1983 ("Section 1983") against defendants Harry Oreol, Jesse Henderson, Jyotila Singh, Jian Zhang, Murad Wadsworth, Gabriel Prempeh, and Chelsea Lucas ("Defendants"). In the FAC, Plaintiff raises claims against Defendants in their individual and official capacities for violations of his First, Fifth, Eighth, and Fourteenth Amendment rights. The FAC addresses the deficiencies in the previously filed Complaint, and the Court appreciates Plaintiff's efforts to concisely explain his causes of action. Nonetheless, after careful review and consideration of the allegations of the FAC under the relevant standards, the Court finds the FAC subject to dismissal. Thus, the Court dismisses Plaintiff's FAC, but grants Plaintiff leave to amend.

## II.
## **PROCEDURAL HISTORY**

On June 4, 2017, Plaintiff constructively filed[1] a pro se civil rights complaint alleging staff employed by Patton State Hospital violated his First, Fifth, Eighth, and Fourteenth Amendment rights and committed other state law violations. ECF Docket No. ("Dkt.") 1 at 5. Plaintiff's claims were based on allegations of "physical abuse [and] ongoing mental abuse & is about [Plaintiff] being illegally detained [at Patton State Hospital]." Id. at 7.

On June 20, 2017, the Court dismissed Plaintiff's Complaint with leave to amend for failure to state a claim. Dkt. 8.

On June 24, 2017, Plaintiff filed the instant FAC. Dkt. 10, FAC[2]. In the FAC, Plaintiff alleges Defendants have intentionally, maliciously, and recklessly disregarded his First, Fifth, Eighth, and Fourteenth Amendment rights. Id. at 3-5.

## III.
## **ALLEGATIONS IN THE FAC**

Plaintiff, who is in the custody of Patton State Hospital, alleges the following facts against the seven defendants named in the FAC:

Defendant Harry Oreol is the Executive Director at Patton State Hospital. Id. at 3. Plaintiff alleges defendant Oreol "has been notified & made aware several times that [Plaintiff is] not dangerous & not mentally ill." Id. at 7. Plaintiff further claims his current doctor, Dr. Galarza, has recommended Plaintiff be released from Patton State Hospital, but defendant Oreol "refuses to let that power to be

---

[1] Under the "mailbox rule," when a pro se inmate gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted); Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to § 1983 suits filed by pro se prisoners").

[2] The Court refers to the pages as they are numbered on the Court's electronic docketing system.

exercised," thereby depriving Plaintiff of his freedom and causing "extreme amounts of stress, uncertainty, anguish, & unbearable misery." Id.

Defendant Jesse Henderson is a Psychiatric Technician at Patton State Hospital. Id. at 3. Plaintiff alleges defendant Henderson "physically assaulted [Plaintiff] on two separate occasions while playing basketball." Id. at 7. On the first occasion, Plaintiff claims defendant Henderson "elbowed [Plaintiff] very hard in the mouth chipping [his] tooth" while the two were playing basketball. Id. On the second occasion, Plaintiff alleges defendant Henderson "intentionally th[rew] an elbow & hit [Plaintiff] extremely hard above the right eye, almost knocked [him] out, & split [his] eye open." Id. Plaintiff alleges he "reported these very serious complaints to the hospital staff, but they never did anything about it." Id.

Defendant Jyotila Singh is a former Psychiatrist at Patton State Hospital, who treated Plaintiff between September 2015 and May 2016. Id. at 3, 7. Plaintiff claims defendant Singh "falsified reports" and "force medicated [Plaintiff] with extremely harmful medication." Id. at 7. Plaintiff alleges he informed defendant Singh about the serious side effects caused by the medication, but she ignored Plaintiff and continued to force the medication on Plaintiff. Id. Plaintiff claims that "to justify force medicating [Plaintiff], [defendant Singh] lied about [Plaintiff] & wrote falsified, bias reports," which have kept Plaintiff in the hospital longer than necessary. Id.

Defendant Jian Zhang is a Psychiatrist at Patton State Hospital. Id. at 4. On December 11, 2014, defendant Zhang allegedly placed a "severely mentally ill, very violent patient in [Plaintiff's] room to be [his] roommate," despite knowing the patient had earlier "viciously attacked [Plaintiff]." Dkt. 10-1 at 2. Plaintiff alleges defendant Zhang "purposefully put [his] safety in jeopardy." Id. Plaintiff claims that when he asked defendant Zhang about this decision, defendant Zhang "force medicated [Plaintiff]" and "made [him] change rooms." Id. Plaintiff alleges defendant Zhang placed Plaintiff in "the worst room on the unit" with a

3

patient who is "severely mentally ill," "does not sleep," and "talks and argues[] very loud with himself." Id. Plaintiff claims defendant Zhang "falsified the reports to justify force medicating [Plaintiff] and putting [him] in that room." Id. Plaintiff claims defendant Zhang's actions "scared [Plaintiff] & caused [him] an extreme amount of stress & uncertainty." Id.

Defendant Murad Wadsworth is a Psychiatrist at Patton State Hospital, who treated Plaintiff for six to seven months. Id. at 4, 9. Plaintiff alleges defendant Wadsworth "forced [Plaintiff] on medication" despite Plaintiff's claims he suffered from "allergic reactions & severe side effects" from the medication. Id. at 9. Plaintiff alleges defendant Wadsowrth "did not care" about Plaintiff's claims, and "falsified reports about the reasons [for putting Plaintiff on the medication]." Id. As a result of the medication, Plaintiff suffered from "extreme weight gain," "endless appetite, terrible headaches & a very uncomfortable sick feeling in [his] body." Id.

Defendant Chelsea Lucas is a representative for Los Angeles CONREP. Id. at 5. Plaintiff alleges defendant Lucas "wrote a very terrible, negative, falsified report about [Plaintiff] that was blatantly against all the other favorable doctors reports that have been made about [Plaintiff]." Id. at 10. Plaintiff alleges defendant Lucas made "inappropriate comments" to Plaintiff during their CONREP interview. Id. Plaintiff claims that defendant Lucas prepared the "most bias[ed], damaging, negative report" about Plaintiff and "intentionally assassinated [his] character. Id. Plaintiff alleges that, as a result of defendant Lucas's report, Plaintiff was "kept [] in the hospital longer & has caused [him] an extreme amount of anxiety, stress & uncertainty." Id.

Defendant Gabriel Prempeh is a Psychiatric Technician at Patton State Hospital. Id. at 5. Plaintiff alleges defendant Premepeh is verbally abusive towards Plaintiff and "blatantly lies in his reports about [Plaintiff]." Id. at 9. Plaintiff claims defendant Prempeh purposefully moved Plaintiff into a room with

4

"the most severely mentally ill lowest functioning patients on the unit, knowing that it would cause [Plaintiff] constant stress & misery." Id. When Plaintiff reported an incident to defendant Prempeh in which his roommate attempted to "fight [Plaintiff] for no reason," putting Plaintiff's safety in jeopardy, defendant Prempeh allegedly failed to take any action. Id. Plaintiff claims defendant Prempeh "did not do anything about it, he did not care, he did not even report it or chart it." Id. Plaintiff alleges "[t]his was a real serious threat, a real serious safety issue, a real urgent reason to move [Plaintiff]," but defendant Prempeh "made [Plaintiff] stay in that room & purposely put [Plaintiff's] safety in jeopardy."

In addition to the incident with Plaintiff's roommate, Plaintiff additionally alleges that when he reported another incident of violence with a different patient to defendant Prempeh, defendant Prempeh failed to take any action and "never charted [the incident] or reported it." Id.

Lastly, on September 16, 2016 and June 11, 2017, Plaintiff alleges defendant Prempeh attempted to "sabotage [Plaintiff's] reputation by falsifying a report about [him]," claiming Plaintiff used racist and other foul language. Id. at 10.

As a result of his claims, Plaintiff seeks (1) "immediate unconditional release from Patton State Hospital and the mental health system"; (2) $300,000,000 in monetary damages; and (3) "any other actions that the court feels is necessary to prevent these types of violations from ever happening again." Id. at 7.

**IV.**

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a claim sua sponte and without notice "where the claimant cannot possibly win relief." Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987); see also Sparling v. Hoffman Constr. Co., 864 F.2d 635, 638 (9th Cir. 1988) (same). The court's authority in this regard includes sua sponte dismissal of claims against defendants

5

who have not been served and defendants who have not yet answered or appeared. See Abagnin v. AMVAC Chemical Corp., 545 F.3d 733, 742-43 (9th Cir. 2008).

In applying these standards, "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008) (citations and internal quotation marks omitted). However, "a pro se litigant is not excused from knowing the most basic pleading requirements" or "from following court rules." Am. Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1107-08 (9th Cir. 2000) (citation and internal quotation marks omitted); see also Pliler v. Ford, 542 U.S. 225, 231, 124 S. Ct. 2441, 159 L. Ed. 2d 338 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants.").

## V.

## **DISCUSSION**

### A. PLAINTIFF'S CLAIMS DO NOT ARISE OUT OF THE SAME TRANSACTION OR OCCURRENCE AND THUS, MAY NOT BE RAISED IN A SINGLE COMPLAINT

**(1) APPLICABLE LAW**

A basic lawsuit is a single claim against a single defendant. Federal Rule of Civil Procedure 18(a) allows plaintiffs to add multiple claims to the lawsuit when they are against the same defendant. Fed. R. Civ. P. 18(a). Federal Rule of Civil Procedure 20(a)(2) allows plaintiffs to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). In contrast, unrelated claims against different defendants must be brought in separate lawsuits to avoid confusion and prevent "the sort of morass [a multiple claim, multiple defendant] suit produce[s]." Thomas v. Rest., No. 115-CV-01113-DAD-SKO, 2016 WL 500702, at *3 (E.D. Cal. Feb. 9, 2016) (quoting George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007)).

If the test for permissive joinder is not satisfied, the court "may at any time, on just terms, add or drop a party" and "may also sever any claim against a party." Fed. R. Civ. P. 21; see also Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997) (noting if joined plaintiffs fail to meet requirements of Rule 20(a), "the district court may sever the misjoined plaintiffs, as long as no substantial right will be prejudiced by the severance").

**(2)  ANALYSIS**

Here, all of the claims Plaintiff raises appear to arise from different incidents, involving different parties, at different times. Thus, the FAC is subject to dismissal as it contains multiple unrelated claims against different defendants. Thomas, 2016 WL 500702, at *3. Plaintiff must file his claims in separate lawsuits against each defendant.

**B.  PLAINTIFF FAILS TO STATE A CLAIM CHALLENGING HIS COMMITMENT TO PATTON STATE HOSPITAL AGAINST DEFENDANT OREOL**

**(1)  APPLICABLE LAW**

Under section 1026.2 of the California Penal Code, a person found not guilty by reason of insanity may apply for release upon the ground that his sanity has been restored. Cal. Pen. Code § 1026.2. Either the insanity acquittee or the medical director of the state hospital or other treatment facility to which the acquittee is committed may apply for release. §1026 (a) and (d). The remedy for a plaintiff challenging his civil commitment or denial of release is through a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. See Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973). A civil rights action under Section 1983 is proper for challenging conditions of confinement only. Id. at 498-99.

///

///

**(2) ANALYSIS**

Here, Plaintiff appears to claim defendant Oreol is denying Plaintiff his freedom by refusing to recommend him for release. Dkt. 10 at 7. To the extent Plaintiff is challenging his continued civil commitment at Patton State Hospital, the proper remedy is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 after he exhausts state judicial remedies. Plaintiff may not challenge his continued commitment through a Section 1983 complaint. Thus, to the extent Plaintiff is challenging his commitment based on actions allegedly caused by defendant Oreol, the claim must be dismissed.

**C. PLAINTIFF FAILS TO STATE AN OFFICIAL CAPACITY CLAIM AGAINST ANY DEFENDANT**

**(1) APPLICABLE LAW**

An "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985); see also Brandon v. Holt, 469 U.S. 464, 471-72, 105 S. Ct. 873, 83 L. Ed. 2d 878 (1985); Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." Graham, 473 U.S. at 166. Because no respondeat superior liability exists under Section 1983, a state actor is liable only for injuries that arise from an official policy or longstanding custom. Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); see also City of Canton v. Harris, 489 U.S. 378, 385, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989). Plaintiff must show "that a [state] employee committed the alleged constitutional violation pursuant to a formal governmental policy or a longstanding practice or custom which constitutes the standard operating procedure of the local governmental entity." Gillette v. Delmore, 979 F.2d 1342, 1346 (9th Cir. 1992) (citations and internal quotation marks omitted). In addition, Plaintiff must show the policy was "(1) the cause in fact and (2) the

proximate cause of the constitutional deprivation." Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996) (citing Arnold v. Int'l Bus. Machines Corp., 637 F.2d 1350, 1355 (9th Cir. 1981)).

### (2) ANALYSIS

Here, Plaintiff fails to state an official capacity claim against any defendant. Plaintiff has not set forth any allegations identifying a policy, practice, or custom that was "(1) the cause in fact and (2) the proximate cause" of any of the alleged constitutional deprivations. See Trevino, 99 F.3d at 918. Absent any allegations of a policy, practice or custom, the federal claims against Defendants must be dismissed.

## D. PLAINTIFF FAILS TO STATE A FIRST AMENDMENT CLAIM AGAINST ANY DEFENDANT

### (1) APPLICABLE LAW

As with prisoners, "civilly committed persons retain those First Amendment rights not inherently inconsistent with the circumstances of their detention." Hydrick v. Hunter, 500 F.3d 978, 991 (9th Cir. 2007) (citing Turner v. Safley, 482 U.S. 78, 89, 107 S. Ct. 2254, 2256, 96 L. Ed. 2d 64 (1987)), overturned on other grounds, 129 S. Ct. 2431 (2009); Bull v. City and Cnty. of San Francisco, 595 F.3d 964, 972 (9th Cir. 2010) (holding "the retained constitutional rights of prisoners and detainees alike [a]re subject to restrictions and limitations based on institutional needs and objectives"). For example, allegations of retaliation against an inmate's First Amendment rights to speech or to petition the government may support a Section 1983 claim. See Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). A viable claim of First Amendment retaliation entails five elements: (1) the plaintiff engaged in protected conduct; (2) an assertion that a state actor took some adverse action against the plaintiff; (3) the adverse action was "because of" the plaintiff's protected conduct; (4) the adverse action caused harm that was more than minimal or "would chill or silence a person of ordinary firmness from future

First Amendment activities;" and (5) the action did not reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559, 562, 567-68, n.11 (9th Cir. 2005).

**(2) ANALYSIS**

Here, it is unclear what conduct Plaintiff alleges violates his First Amendment right. Plaintiff fails to allege he has engaged in any course of conduct which has been unconstitutionally restricted by Defendants. Therefore, any First Amendment claims against Defendants must be dismissed.

**E. PLAINTIFF FAILS TO STATE A FOURTEENTH AMENDMENT PROCEDURAL DUE PROCESS CLAIM AGAINST DEFENDANTS SINGH, ZHANG, WADSWORTH, LUCAS, AND PREMPEH**

**(1) APPLICABLE LAW**

A procedural due process claim requires plaintiffs establish "two distinct elements: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." Brewster v. Bd. of Educ., 149 F.3d 971, 982 (9th Cir. 1998). The failure to follow mandatory procedures does not by itself offend the constitution. See Smith v. Noonan, 992 F.2d 987, 989 (9th Cir. 1993) ("[W]e have held that 'procedural requirements, even if mandatory, do not raise a constitutionally cognizable liberty interest.'" (citation omitted)). Rather, there must be allegations that the procedures themselves were inadequate to protect a valid liberty interest. See Buckley v. Gomez, 36 F. Supp. 2d 1216, 1222 (S.D. Cal. 1997), aff'd, 168 F.3d 498 (9th Cir. 1999).

**(2) ANALYSIS**

Here, Plaintiff appears to attempt to raise Fourteenth Amendment procedural due process claims based on defendants Singh, Zhang, Lucas, and Prempeh allegedly creating false reports about Plaintiff. See Dkt. 10 at 7, 9, 10; Dkt. 10-1 at 2. However, Plaintiff has failed to state a procedural due process claim. As a

| | |
|---|---|
| 1 | preliminary matter, "there is no freestanding procedural due process right to be free |
| 2 | from false accusations." <u>Aguirre v. Sahba</u>, No. 2:15-CV-02199-SK, 2017 WL |
| 3 | 2221736 at *3 (C.D. Cal. May 19, 2017).  Furthermore, Plaintiff has failed to |
| 4 | allege these false reports deprived Plaintiff of any constitutional protections. |
| 5 | <u>Endsley v. Luna</u>, 750 F. Supp. 2d 1074, 1098 (C.D. Cal. 2010), aff'd, 473 F. App'x |
| 6 | 745 (9th Cir. 2012).  Thus, Plaintiff's Fourteenth Amendment procedural due |
| 7 | process claim against defendants Singh, Zhang, Lucas, and Prempeh for allegedly |
| 8 | creating false reports about Plaintiff must be dismissed. |

## VI.

## **LEAVE TO FILE A SECOND AMENDED COMPLAINT**

For the foregoing reasons, the FAC is subject to dismissal.  As the Court is unable to determine whether amendment would be futile, leave to amend is granted.  <u>See</u> <u>Lucas v. Dep't of Corr.</u>, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the service date of this Order, Plaintiff choose one of the following two options:

1.  Plaintiff may file a Second Amended Complaint to attempt to cure the deficiencies discussed above.  **The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the Second Amended Complaint, which the Court encourages Plaintiff to use.**

If Plaintiff chooses to file a Second Amended Complaint, Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form.  Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the Complaint.  In addition, the Second Amended Complaint must be complete without reference to the Complaint or any other pleading, attachment, or document.  Lastly, **as discussed above in Section V.A.**,

the Second Amended Complaint should be limited to either (1) a single defendant with one or more claims; or (2) multiple defendants with *related claims* arising from a single incident. See George, 507 F.3d at 607 (holding "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2"); Fed. R. Civ. P 18, 20.

An amended complaint supersedes the preceding complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the Court will treat all preceding complaints as nonexistent. Id. Because the Court grants Plaintiff leave to amend as to all his claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the Second Amended Complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 928 (9th Cir. 2012).

The Court advises Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a Second Amended Complaint that continues to include claims on which relief cannot be granted. "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'" Ismail v. County of Orange, 917 F. Supp.2d 1060, 1066 (C.D. Cal. 2012) (citations omitted); see also Ferdik, 963 F.2d at 1261. Thus, **if Plaintiff files a Second Amended Complaint with claims on which relief cannot be granted, the Second Amended Complaint will be dismissed without leave to amend and with prejudice.**

**Plaintiff is explicitly cautioned that failure to timely file a Second Amended Complaint will result in this action being dismissed with prejudice for failure to state a claim, prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

///

///

2. Alternatively, Plaintiff may voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of Court is directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use.**

Dated: July 10, 2017

_____
HONORABLE KENLY KIYA KATO
United States Magistrate Judge