UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | EDCV 17-1135-JFW (KK) | Date: | December 8, 2017 |
| Title: | *Jack Robert Smith v. Harry Oreol, et al.* | | |

Present: The Honorable KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order Extending Time for Service and Denying Plaintiff's Motion for Default Judgment [Dkt. 28]

## I.
## INTRODUCTION

On November 13, 2017, Defendant Jesse Henderson ("Defendant") filed a Motion to Dismiss for insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5) ("Motion to Dismiss"). ECF Docket No. ("Dkt.") 25. On November 16, 2017, Plaintiff Jack Robert Smith ("Plaintiff") filed a Motion for Default Judgment. Dkt. 28. For the reasons set forth below, the Court (1) defers ruling on the Motion to Dismiss at this time; (2) extends the time to serve Defendant; and (3) denies Plaintiff's Motion for Default Judgment.

## II.
## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On June 4, 2017, Plaintiff constructively filed[1] a pro se civil rights complaint alleging all staff employed by Patton State Hospital violated his First, Fifth, Eighth, and Fourteenth

---

[1] Under the "mailbox rule," when a pro se inmate gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010); Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to § 1983 suits filed by pro se prisoners");

Amendment rights and committed other state law violations. Dkt. 1 at 5, 7. After screening the complaint, the Court dismissed the complaint with leave to amend for failure to state a claim. Dkt. 8.

On June 24, 2017, Plaintiff filed a First Amended Complaint ("FAC") against numerous defendants employed by Patton State Hospital in their individual and official capacities for intentionally, maliciously, and recklessly violating his First, Fifth, Eighth, and Fourteenth Amendment rights. Dkt. 10, FAC. After screening the FAC, the Court dismissed the FAC with leave to amend for failure to state a claim. Dkt. 11.

On July 17, 2017, Plaintiff constructively filed a Second Amended Complaint ("SAC") against Defendant, a psychiatric technician at Patton State Hospital, and Mercy Poulson, a nurse, in their individual capacity for intentionally, maliciously, and recklessly violating Plaintiff's Fifth, Eighth, and Fourteenth Amendment rights. Dkt. 12, SAC. After screening the SAC, the Court dismissed the SAC with leave to amend for failure to state a claim. Dkt. 13.

On August 3, 2017, Plaintiff filed a request to proceed against Defendant in his individual capacity for violations of Plaintiff's Fourteenth Amendment right as alleged in the SAC and to voluntarily dismiss all remaining claims from the SAC. Dkt. 15. On August 8, 2017, the Court granted Plaintiff's request, and ordered Plaintiff to serve Defendant within ninety (90) days from the date of the Order with a copy of the summons and SAC pursuant to Federal Rule of Civil Procedure 4 and to file a proof of service with the Court. Dkt. 16. The Court expressly cautioned Plaintiff that "**failure to timely file a proof of service will result in this action being dismissed with prejudice for failure to serve, prosecute, and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b)**." Id.

On September 5, 2017, Plaintiff filed a request for service of the summons and SAC by the U.S. Marshals Service ("USMS"). Dkt. 19. On September 8, 2017, the Court denied Plaintiff's request for service by the USMS because Plaintiff was not proceeding in forma pauperis. Dkt. 20. The Court advised Plaintiff he "may, for example, serve Defendant by mailing '[a] copy of the summons and of the complaint . . . (by first-class mail or airmail, postage prepaid) to the person to be served, together with two copies of the notice and acknowledgement provided in subdivision (b) and a return envelope, postage prepaid, addressed to the sender." Id. at 2 n.1 (quoting Cal. Civ. Proc. § 415.30; and citing Fed. R. Civ. Proc. 4(e)(1)).

On September 21, 2017, Plaintiff filed a proof of service claiming he "put the summons of the civil action and [SAC] in the mail at Patton State Hospital on 9-20-2017." Dkt. 23.

On September 28, 2017, the Court issued a notice of document discrepancies that the original summons was not returned to the Court to be filed with the proof of service, and under Local Rule 11-3.8 the proof of service lacked a name, address, phone, facsimile numbers, or e-

---

Williamson v. Flavan, No. CV 08-3635-R (JEM), 2009 WL 3066642, at *3 (C.D. Cal. Sept. 21, 2009) (applying "mailbox rule" to civilly committed individuals).

mail address.  Dkt. 22.  On October 4, 2017, the Plaintiff's original summons was returned to Court.  Dkt. 24.

On November 13, 2017, Defendant filed the instant Motion to Dismiss Case pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process.  On November 16, 2017, Plaintiff filed a Motion for Default Judgment.  Dkt. 28.  On November 20, 2017, Plaintiff filed an Opposition to the Motion to Dismiss.  Dkt. 29.  On November 28, 2017, Defendant filed a Reply for the Motion to Dismiss.  Dkt. 30.  On November 28, 2017, Defendant filed an Opposition to the Motion for Default Judgment.  Dkt. 31.  Both motions, thus, stand submitted.

### III.
### DISCUSSION

**A.    PLAINTIFF'S TIME PERIOD FOR SERVICE IS EXTENDED**

Under Federal Rule of Civil Procedure 4(m), courts "must extend the time period" upon a showing of "good cause for the defective service."  In re Sheehan, 253 F.3d 507, 512 (9th Cir. 2001).  "[A] plaintiff may be required to show the following factors in order to bring the excuse to the level of good cause: '(a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudice if his complaint were dismissed.'"

Here, Defendant argues Plaintiff failed to comply with two technical requirements by not "providing Defendant with a notice and acknowledgment of service form and a prepaid return envelope."  Dkt. 25 at 1-2.  Plaintiff does not dispute failing to provide Defendant with a notice and acknowledgment of service form but claims he "did send a pre-stamped envelope with the proof of service."  Dkt. 29.  Regardless, the alleged deficiencies are technical.  In addition, Defendant received actual notice and has not alleged suffering any prejudice as a result of Plaintiff's failure to strictly comply with Federal Rule of Civil Procedure 4.

Further, the Court's September 8, 2017 Order Denying service by the USMS suggested in a footnote that "Plaintiff may, for example, serve Defendant by mailing 'a copy of the summons and of the complaint . . . (by first-class mail or airmail, postage prepaid) to the person to be served, together with two copies of the notice and acknowledgment provided in subdivision (b) and a return envelope, postage prepaid, addressed to the sender."  Dkt. 20 at 2 n.1 (quoting Cal. Civ. Proc. § 415.30; and citing Fed. R. Civ. Proc. 4(e)(1)).  However, it is unclear if Plaintiff had access to subdivision (b) of section 415.30 of the California Code of Civil Procedure, and courts are "generally more solicitous of the rights of pro se litigants, particularly when technical jurisdictional requirements are involved."  Borzeka v. Heckler, 739 F.2d 444, 448 n.2 (9th Cir. 1984).

Lastly, Defendant did not notify Plaintiff of any defect in service, and Plaintiff was not given the opportunity to cure any defect in service before the November 6, 2017 deadline.[2] Courts have a "duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988) (citing Borzeka, 739 F.2d at 447 n.2 (defective service of complaint by pro se litigant does not warrant dismissal)).

Therefore, the Court finds good cause to extend Plaintiff's time to serve Defendant. Moreover, even in the absence of a showing of good cause, courts have broad discretion under Federal Rule of Civil Procedure 4(m) to extend the time for service. See In re Sheehan, 253 F.3d at 512. Accordingly, Plaintiff's time period to serve Defendant is **extended by thirty (30) days** from the date of this Order.

**B.     PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT IS DENIED**

Federal Rule of Civil Procedure 55 provides parties a two-step process for entering judgment against a party who fails to defend: first, the entry of a default, and second, the entry of a default judgment. Fed. R. Civ. P. 55(a)-(b). Default judgment pursuant to Rule 55 is a "drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." United States v. Signed Personal Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1091 (9th Cir. 2010). Moreover, courts lack personal jurisdiction to grant default judgments against defendants that were not properly served. See Pac. Atl. Trading Co. v. M/V Main Exp., 758 F.2d 1325 (9th Cir. 1985).

Here, as discussed above, Plaintiff has not yet complied with all of the technical requirements to effectuate proper service. Hence, Plaintiff's Motion for Default Judgment is DENIED.

///
///
///
///
///
///
///

---

[2]     In fact, Plaintiff believed he "satisfied" the Court's "notice of discrepancy" because his proof of service "was ultimately 'approved' & filed by the Court." Dkt. 29. The Court recognizes Plaintiff's attempt to comply with the service of process and that Defendant received notice of the lawsuit prior to the expiration of ninety (90) days. Plaintiff's proof of service stated he mailed the summons and SAC on September 20, 2017. Dkt. 23. Plaintiff's proof of service was entered by the Court one month before Plaintiff's November 6, 2017 deadline to complete service. Dkt. 24. Defendant then filed the instant Motion to Dismiss on November 13, 2017, one week after Plaintiff's deadline to complete service. Dkt. 25.

# IV.
# ORDER

For the reasons set forth above, **IT IS THEREFORE ORDERED** that:

(1)     *Within thirty (30) days of the date of this Order*, Plaintiff shall file a proof of service with the Court after serving Defendant with the following:

   a. a copy of the summons and SAC;
   b. two copies of the notice and acknowledgment as set forth in California Code of Civil Procedure § 415.30(b);[3] and
   c. a return envelope, postage prepaid, addressed to Plaintiff; and

(2)     Plaintiff's Motion for Default Judgment is DENIED.

**The Clerk of Court is directed to issue an alias summons regarding Plaintiff's SAC.**

**Plaintiff is expressly cautioned that failure to timely file a proof of service will result in this action being dismissed with prejudice for failure to serve, prosecute, and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

---

[3]     The Court has provided California Code of Civil Procedure § 415.30(b) in Attachment A.

# ATTACHMENT A

California Code of Civil Procedure § 415.30(b) provides as follows:

(b) The notice specified in subdivision (a) shall be in substantially the following form:

**(Title of court and cause, with action number, to be inserted by the sender prior to mailing)**

## NOTICE

To: _____
 (Here state the name of the person to be served.)

This summons is served pursuant to Section 415.30 of the California Code of Civil Procedure. Failure to complete this form and return it to the sender within 20 days may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons upon you in any other manner permitted by law. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, this form must be signed in the name of such entity by you or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. Section 415.30 provides that this summons is deemed served on the date of execution of an acknowledgment of receipt of summons.

_____
Signature of sender

## ACKNOWLEDGMENT OF RECEIPT OF SUMMONS

This acknowledges receipt on (insert date) _____ of a copy of the summons and of the complaint at (insert address) _____.

Date: _____
(Date this acknowledgment is executed)

_____

_____
Signature of person acknowledging receipt,
with title if acknowledgment is made on
behalf of another person